FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA V. K., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:20-CV-03144-JAG <br><br><br> ORDER GRANTING <br> DEFENDANT'S MOTION <br> FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 21. Attorney Kathryn Higgs represents Lisa V. K. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on September 14, 2018, alleging disability beginning January 1, 2003, due to bipolar disorder, schizoaffective disorder, and chronic low back pain. Tr. 66-67. The application was denied initially and upon reconsideration. Tr. 97-100, 108-14. Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on November 20, 2019, Tr. 31-64, and issued an unfavorable decision on December 20, 2019. Tr. 15-25. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on August 12, 2020. Tr. 1-5. The ALJ's November 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 14, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1960 and was 58 years old when she filed her application. Tr. 24. She has a high school education with some additional courses. Tr. 38, 326. She has a minimal work history, having worked only briefly at her brother's restaurant and for three weeks in a fast-food restaurant. Tr. 39-41, 177, 326. She has alleged she is unable to work due to a combination of physical and mental issues. Tr. 42.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

# ADMINISTRATIVE DECISION

On December 20, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-25.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, bipolar disorder, mild degenerative osteoarthropathy, and mild right knee degenerative joint disease. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform medium work, with the following additional limitations:

> She is able to lift and carry 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk about 6 hours in an 8-hour workday with normal breaks. She can sit for about 6 hours in an 8-hour workday with normal breaks. She can frequently climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently stoop. She can perform simple, routine, repetitive tasks. She can have superficial contact with the public. She can have superficial contact with coworkers meaning no teamwork.

Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of laundry worker, industrial cleaner, and kitchen helper. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to find schizophrenia to be a severe impairment at step 2; (2) improperly assessing Plaintiff's subjective statements; (3) improperly rejecting medical opinion evidence; and (4) improperly determining Plaintiff's residual functional capacity.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 18 at 10-14.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. Specifically, the ALJ found Plaintiff's allegations to be undermined by minimal treatment, improvement with medication, and largely

normal exam findings, along with finding evidence that Plaintiff primarily engaged in mental health treatment in order to obtain housing and noting that she endorsed a full range of daily activities and had stopped working for reasons unrelated to her disability. Tr. 21-23.

Plaintiff argues the ALJ's rationale is not supported by substantial evidence and asserts that she never alleged a complete inability to work, but rather that she could do no more than sedentary work. ECF No. 18 at 11-13. She argues the record contains objective findings supportive of her allegations, and that her activities and work history are not inconsistent with her claim of disability. *Id.* at 13-14. Defendant argues the ALJ reasonably found the record unsupportive of the degree of limitations Plaintiff alleged, noting normal physical and mental exam findings and that the record largely showed her conditions were stable or improved with medication. ECF No. 21 at 4-8.

The Court finds the ALJ did not err. An ALJ may consider evidence of the type and effectiveness of treatments received in assessing the reliability of a claimant's symptom allegations. Social Security Ruling 16-3p. The ALJ found that the record showed Plaintiff's conditions were largely controlled and improved with medication. Tr. 21-22. This was a reasonable interpretation of the records, which document Plaintiff's reports that treatment provided adequate relief, that her pain was controlled, and that her medications were adequate for her to maintain functioning. Tr. 339-40, 343-44, 390-92, 1178. While she occasionally reported increased symptoms, the ALJ's interpretation of the record is reasonable.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found the objective findings throughout the record to not be supportive of the extent of Plaintiff's alleged limitations.

While the ALJ offered other reasons that are not supported by substantial evidence, any such error was harmless. *See Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid).

## 2.  Medical Opinion Evidence

Plaintiff argues the ALJ improperly weighed the medical opinion evidence. ECF No. 18 at 15-16.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

Plaintiff argues the ALJ improperly found the state agency opinions to be persuasive, despite these sources only reviewing some of the medical records, and instead should have found the treating and examining sources to be more persuasive, as they were consistent with each other and indicated more severe impairments than found by the ALJ. ECF No. 18 at 15-16. Defendant argues the ALJ reasonably considered the supportability and consistency factors in assessing each of the medical opinions, and notes that Plaintiff did not specifically challenge the ALJ's rationale for each of the persuasiveness evaluations. ECF No. 21 at 9-13.

The Court finds the ALJ did not err. In assessing the opinions from Dr. Genthe, Dr. Harmon, and PA-C Diaz, the ALJ considered the consistency and supportability of each of the opinions. Tr. 23-24. The ALJ reasonably found Dr. Genthe's opinion to be unsupported by his own exam findings, which were largely within normal limits. Tr. 329-30. The ALJ found Dr. Harmon's opinion unpersuasive for similar reasons, as Dr. Harmon only reviewed Dr. Genthe's opinion. Tr. 1045. The ALJ noted Mr. Diaz documented normal physical exam

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

findings the day he opined Plaintiff was limited to sedentary work. Tr. 336-37. While Plaintiff argues the ALJ should have found these opinions more persuasive, she does not specifically challenge the ALJ's rationale. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 3. Schizophrenia

Plaintiff argues the ALJ erred in failing to find schizophrenia to be a severe impairment at step two.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Plaintiff argues the record establishes that she suffers from schizophrenia, and that the ALJ erred in failing to mention the diagnosis or include it as a severe impairment at step two. She asserts the ALJ thus formulated an RFC that does not fully account for all of her limitations. ECF No. 18 at 6-10. Plaintiff further argues that the ALJ failed to discuss schizophrenia at step three, and asserts that the record establishes that her condition meets Listing 12.03. *Id.* at 9. Defendant argues that schizophrenia is not a medically determinable impairment. ECF No. 21 at 2-3. In

the alternative, Defendant argues that any error was harmless, as the ALJ offered sufficient reasons for disregarding Dr. Genthe's opinion (which was the only medical opinion that included any more significant limitations), and that the ALJ's assessment of the Paragraph B criteria were supported. *Id.* at 3-4.

The Court finds any error on the part of the ALJ in failing to discuss schizophrenia at Step 2 or Step 3 was harmless. Step 2 was resolved in Plaintiff's favor, with the ALJ finding bipolar disorder to be a severe impairment. Tr. 18. The ALJ made Step 3 findings regarding the Paragraph B criteria that apply to all of the mental listings. Tr. 18-19. The ALJ limited Plaintiff to no more than simple, routine, repetitive tasks and no more than superficial contact with the public or coworkers. Tr. 20. As discussed above, the ALJ gave adequate reasons for finding Dr. Genthe's opinion not to be persuasive. Plaintiff fails to identify any credited limitation associated with schizophrenia that was not considered by the ALJ and incorporated into the RFC. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Therefore, any error in not identifying schizophrenia as a severe impairment was harmless at most.

**4.    RFC and Step Five**

Plaintiff argues that the ALJ erred in her step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 18 at 16-20. Plaintiff's argument is based on successfully showing that the ALJ erred in her treatment of the symptom statements and medical opinions. *Id*. Because the Court finds that the ALJ did not harmfully err in her treatment of Plaintiff's symptom statements and the medical opinions, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 31, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE